IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA, | * | |
| --- | --- | --- |
| | * | |
| v. | * | Crim. No. **PJM 06-036-1** |
| | * | |
| **RAYMOND ALLEN WATTS,** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Defendant Raymond Allen Watts has filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. ECF No. 106. The Government has responded in Opposition, ECF No. 107, and Watts has Replied, ECF No. 110. For the reasons set forth below, the Court **GRANTS** the Motion and will reduce Watts's sentence on Count One from 200 months imprisonment[1] to 180 months and his term of supervised release from five years to four years.

### I.

On January 25, 2006, Watts and his co-defendant Melvin Johnson were charged by Indictment with five counts of criminal conduct: conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 923(g)(1) (Count Four).[2] ECF No. 1. On the morning Watts's trial was set to begin, October 31, 2006, Watts instead entered a guilty plea as to Counts One and Four, and the

---

[1] Watts was sentenced to 292 months imprisonment on December 29, 2006. *See* ECF No. 58. That sentence was reduced to 200 months by an executive grant of clemency on January 19, 2017. *See* ECF No. 91.
[2] Count Five pertained only to Defendant Johnson.

1

Government agreed to dismiss Counts Two and Three. *See* ECF No. 58. Of relevance today, as to Count One, Watts pled guilty to conspiracy to distribute and possess with intent to distribute "50 grams or more of cocaine base commonly known as crack." *Id.*

The United States Probation Office prepared a Presentence Investigation Report ("PSR") in anticipation of Watt's sentencing. *See* PSR (undocketed).

Due to the quantity of crack cocaine involved in the crime, the PSR determined that Watts's base offense level was 34 pursuant to U.S.S.G. § 2D1.1(c)(3). *See* PSR ¶ 16. Watts received a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1) because he was in possession of a loaded Smith and Wesson .40 caliber semi-automatic handgun at the time of the offense. *Id.* ¶ 17. Additionally, based on the Watts's two prior felony convictions for possession with intent to distribute, the PSR determined that, pursuant to U.S.S.G. § 4B1.1, Watts was a career offender, thus subject to a one-point increase to the offense level. *Id.* ¶ 23. Last, the PSR indicates that Watts was eligible for a two-level reduction for acceptance of responsibility. *Id.* ¶ 24. Thus, for Count One, the PSR determined that his applicable offense level was 35. *Id.* ¶ 25.

Based on a final offense level of 35 and a criminal history category of VI, Watts faced a guidelines range of 292 to 365 months imprisonment as to Count One. *Id.* ¶ 61; *see also* ECF No. 80, Sentencing Transcript p. 3. On December 29, 2006, the Court sentenced Watts to 292 months imprisonment – the low end of the guidelines range – and five years of supervised release as to Count One as well as 120 months imprisonment and three years of supervised release as to Count Four to run concurrent to Count One. ECF No. 58. This resulted in a total sentence of 292 months imprisonment followed by five years of supervised release. *Id.*

On May 6, 2009, Watts filed motion under 18 U.S.C. § 3582 requesting a reduction in his sentence due to the adoption of Amendment 706 of the Sentencing Guidelines. ECF No. 75.

However, because Watts was determined to be a career offender under § 4B1.1, the Court found that Amendment 706 did not apply to him, and his motion was denied. *See* ECF Nos. 82 and 83.

On January 19, 2017, President Obama reduced Watts's sentence to a total of 200 months through an executive grant of clemency. *See* ECF No. 91.

On September 3, 2019, Watts filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act, the motion presently before the Court. ECF No. 106. He seeks a reduction of his sentence on Count One to time served – the equivalent of a reduction to approximately 180 months imprisonment after accounting for good-time credit – as well as a reduction in the term of supervised release from five years to four. *Id.* at 5, 11. The Government filed a response in Opposition on October 4, 2019. ECF No. 107. Watts filed his Reply on October 11, 2019. ECF No. 108. On November 20, 2019, Watts notified the Court that the Fourth Circuit had handed down its decision in *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019). ECF No. 110. The Court then directed the Government to respond by December 5, 2019, ECF No. 111, which it did, ECF No. 113.

## II.

The starting point for analysis is the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207, which implemented mandatory minimums for offenses involving specific weights of certain drugs including crack cocaine and powder cocaine. The Anti-Drug Abuse Act of 1986 contained a 100-to-1 ratio that treated every gram of crack cocaine as the equivalent of 100 grams of powder cocaine. *See Kimbrough v. United States*, 552 U.S. 85, 96 (2007). Since then, as the Fourth Circuit recently described in *Wirsing*, the 100-to-1 ratio has been heavily criticized, including on the grounds that "it promotes unwarranted disparity based on race." *Kimbrough*, 552 U.S. at 98 (citing United States Sentencing Commission, Report to Congress: Cocaine and Federal

Sentencing Policy iv (May 2002), available at http://www.ussc.gov/r_congress/02crack/2002crackrpt.pdf).

In an attempt to reduce, though not quite eliminate, this inequality, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). The FSA increased the amounts of crack cocaine necessary to trigger mandatory minimum sentences for certain trafficking offenses. *See id.* Relevant here, the FSA decreased the sentence range for a defendant convicted of a crime involving more than 28 grams of crack cocaine but less than 280 grams from the prior range of ten years to life incarceration to the current range of five to 40 years. *See id.* This "had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1." *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

The Formerly Incarcerated Reenter Society Transformed Safely Transition Every Person Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"), enacted on December 21, 2018, then allowed Courts, "on motion of the defendant... [to] impose a reduced sentence" for a criminal defendant (1) who was convicted of a "covered offense," *i.e.*, a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA]"; (2) if the offense was committed before August 3, 2010; and (3) if the defendant did not already receive a reduction under the FSA or the First Step Act. *United States v. Robinson*, 2019 WL 3867042, at *2 (D. Md. Aug. 15, 2019).

### III.

Watts argues that his offense is a "covered offense" under the First Step Act because the statutory range for his conviction of possessing with intent to distribute 50 or more grams of cocaine base of the changed from the ten years to life to five to 40 years incarceration.[3] In addition,

---

[3] The Parties agree, however, that with an offense level of 35 and criminal history category VI, the guidelines range remains unchanged at 292-365 months.

his offense was committed before August 3, 2010, and he has not received a reduction under the FSA or the First Step Act, thereby satisfying the second and third conditions of the First Step Act.

The Government does not dispute that Watts satisfies the second and third conditions, but argues that his offense is not covered because the quantity of cocaine base attributable to Watts results in the same statutory penalty both before and after the FSA. *See* ECF No. 107, p. 4. Specifically, the Government asserts that because Watts pleaded to being responsible for 426.7 grams of crack cocaine – above the 280-gram threshold that, per 21 U.S.C. § 841(b)(1)(A), triggers a statutory range of ten years to life – the same statutory range that was applied to Watts at the time of sentencing would apply to him today.

The Government's dependence on the amount of crack cocaine identified in the plea agreement and PSR, however, is misplaced. As this Court has previously made clear, and as the Fourth Circuit affirmed in *Wirsing*, a covered offense under the First Step Act is defined by the elements of the offense of a defendant's conviction – here 50 grams or more of cocaine base – and not the defendant's particular conduct underlying the conviction.[4] *Robinson*, 2019 WL 3867042, at *2-3; *Wirsing*, 943 F.3d at 185-86. Accordingly, because the FSA reduced the statutory range of imprisonment for a conviction involving 50 grams of cocaine base, Watts's offense is covered under the First Step Act.

## IV.

The Government then argues that Watts's request for relief should be analyzed under the "analogous" framework of a request for sentence reduction based on a retroactive guideline amendment pursuant to 18 U.S.C. § 3582(c)(2). Notably, 18 U.S.C. § 3582(c)(2) precludes a sentencing reduction to a term of imprisonment less than the amended guidelines range, unless the

---

[4] The Government concedes that, according to *Wirsing*, Watts's offense is a "covered offense," but maintains its argument in the event of any subsequent appeal of this case or *Wirsing*. *See* ECF No. 113.

defendant received a sentence below the guidelines range in effect at the time of the initial sentencing due to the defendant's substantial assistance to authorities. U.S.S.G. §§ 1B1.10(b)(2)(A), (B).

This Court held in *Robinson*, and the Fourth Circuit has now confirmed in *Wirsing*, that motions to reduce sentence pursuant to the First Step Act should be brought under 18 U.S.C. § 3582(c)(1)(B). *See Robinson*, 2019 WL 3867042, pp. *4-5; *see also Wirsing*, 943 F.3d at 182. As such, the Court may further reduce Watts's sentence, including to a below-guidelines sentence. The Court now considers whether it should.

## V.

In determining whether the Court should reduce Watts's sentence, it turns to the 18 U.S.C. §3553(a) factors and his post-conviction behavior. *See Robinson* 2019 WL 3867042, at *5; *see also United States v. Logan*, 2019 WL 3391618, at *1 (D. Md. July 26, 2019); *United States v. Turner*, No. TDC-06-0274, ECF No. 50 at 3-4 (D. Md. June 28, 2019).

Watts asks for a reduction to time served based on his assertion that he would no longer qualify as a career offender (and even if he did, that courts routinely vary below the career-offender guidelines), that he has used his years in the Bureau of Prisons productively, and that he has a release plan, which includes a job as a commercial trucker for his brother-in-law's company that will deter him from committing more crimes. *See* ECF No. 106, p. 5. He argues that a reduction to 180 months, or 15 years, would accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a). *Id.*[5]

The Government opposes any reduction, arguing that mere eligibility for a reduced term of imprisonment does not automatically entitle Watts to a reduction. *See* ECF No 107, pp. 11-12.

---

[5] As stated above, after adjusting for good time served, Watts believes that a reduction of his sentence to 180 months is the equivalent of reducing his sentence to time served.

Applying the § 3553(a) factors, the Government invites the Court to consider Watts's history of criminal activity dating back to when he was ten years old and the fact that, along the way, he incurred multiple violations of probation and parole, including commission of the instant offenses while he was on parole for two different drug trafficking convictions. *Id.* at 13. Thus, says the Government, Watts's "history indicates that he is resistant to rehabilitation and poses a danger to the community." *Id.*

There is no dispute that Watts spent much of the first 25 years of his life committing crimes or serving time related to them. But, as Watts notes, he has now served nearly 14 years in the Bureau of Prisons with minimal disciplinary incidents, including only one citation in the past decade. *See* ECF No. 100-1; *see also Turner*, No. TDC-06-0274, ECF No. 50, p. 4. While imprisoned, Watts earned his GED and has worked multiple jobs totaling 30 hours per week. *Id.* As in *Robinson*, the prison describes Watts as "a good worker who needs little supervision" and a "self-starter [who] does his job with excellence." *Id.*; *Robinson*, 2019 WL 3867042, at *6. And as in *Logan*, Watts has both family support and employment waiting for him upon release. *Logan*, 2019 WL 3391618, at *1. The Government does not refute any of this, nor that Watts would not be classified as a career offender if he were prosecuted today.

Despite the fact that Watts's conduct leading to the charges against him was, to be sure, "serious," *see* ECF No. 80, Sentencing Transcript, p. 8., and that his sentence has already been reduced by an act of executive clemency,[6] *see* ECF No. 91, the Court feels it is important to

---

[6] The Government argues that the executive grant of clemency that reduced Watts's sentence by 92 months has already mitigated the disparity that the First Step Act addresses. *See* ECF No. 107, pp. 9-10. However, this Court has previously granted a sentence reduction pursuant to the First Step Act where an executive grant of clemency already reduced the defendant's sentence. *See U.S. v. Abdulmutakim Ad-Deen*, Crim. No. CCB-07-0476, ECF No. 65 (June 5, 2019). The Court sees no reason to proceed differently here.

acknowledge the purpose of the FSA and the First Step Act to reduce the discrepancy between the treatment of crack cocaine and powder cocaine.

For the foregoing reasons, the Court **GRANTS** Watts's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act and reduces his sentence to 180 months and 15 days incarceration. For the same reasons, the Court **GRANTS** Watts's request to reduce his term of supervised release to four years.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**February 5, 2020**