IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Civil No. **PJM 20-1596** |
| | * | Crim. No. **PJM 06-0036** |
| **RAYMOND ALLEN WATTS,** | * | |
| | * | |
| Petitioner-Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

Raymond Allen Watts has filed a Motion to Vacate Judgment Under 28 U.S.C. § 2255 (ECF No. 120). No hearing is necessary. *See, e.g. United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). For the reasons that follow, the Court **DENIES** the Motion.

### I. Background

On January 25, 2006, Watts and his co-defendant Melvin Johnson were charged by Indictment with five counts of criminal conduct: conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 923(g)(1) (Count Four).[1] ECF No. 1. On the morning Watts's trial was set to begin, October 31, 2006, Watts instead entered a guilty plea as to Counts One and Four, and the Government agreed to dismiss Counts Two and Three. *See* ECF No. 58.

---

[1] Count Five pertained only to Defendant Johnson.

1

On December 29, 2006, the Court sentenced Watts to 292 months imprisonment – the low end of the guidelines range – and five years of supervised release as to Count One as well as 120 months imprisonment and three years of supervised release as to Count Four to run concurrent to Count One. ECF No. 58. This resulted in a total sentence of 292 months imprisonment followed by five years of supervised release. *Id.*

On May 6, 2009, Watts filed motion under 18 U.S.C. § 3582 requesting a reduction in his sentence due to the adoption of Amendment 706 of the Sentencing Guidelines. ECF No. 75. However, because Watts was determined to be a career offender under § 4B1.1, the Court found that Amendment 706 did not apply to him, and his motion was denied. *See* ECF Nos. 82 and 83.

On January 19, 2017, President Obama reduced Watts's sentence to a total of 200 months through an executive grant of clemency. *See* ECF No. 91.

On September 3, 2019, Watts filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. ECF No. 106. On February 6, 2020, the Court granted that motion, reducing his term of imprisonment from 200 months to 180 months and 15 days as to Count One and also reducing his term of supervised release from five years to four years as to Count One. ECF No. 114. His sentence of 120 months imprisonment and three years of supervised release as to Count Four to run concurrently to Count One was unchanged. *Id.*

According to the Bureau of Prisons Inmate Locator, on February 7, 2020, Watts was released from incarceration and his four-year term of supervised release began.[2]

---

[2] Although Watts has been released from custody, the present motion is not moot. "A § 2255 motion does not become moot simply because a defendant has been released from the Bureau of Prisons." *Morris v. United States*, No. CR ELH-09-0494, 2020 WL 4470836, at *2 (D. Md. Aug. 4, 2020) (citing *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." 190 F.3d 383 (quoting *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).

On June 11, 2020, Watts, through counsel, filed a Motion to Vacate under 28 U.S.C. § 2255 pursuant to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the motion presently before the Court. ECF No. 120. Following the Supreme Court's subsequent decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), which clarified the jurisprudence surrounding *Rehaif*, Watt's attorneys filed a motion to withdraw as counsel. ECF No. 120. Counsel report that correspondence was sent to Watts asking if he wanted to voluntarily withdraw his § 2255 petition and that Watts had not responded to counsel's correspondence or motion to withdraw. Accordingly, the Court granted counsel's Motion to Withdraw on April 26, 2022, and Watts proceeds without counsel in accordance with Local Rule 101.2.a. ECF No. 125. The Court now considers the Motion to Vacate Judgment.

## II. Legal Standard

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994).

3

### III. Discussion

In his Motion, Watts argues that the *Rehaif* error in his case warrants vacatur of his sentence as to Count Four. He asserts that his guilty plea should be voided because the Court accepted it without advising him of the element requiring knowledge of his prohibited status under § 922(g). Since he was not advised of that element, the plea was not knowingly and voluntarily made, resulting in a structural error mandating vacatur.

In *Rehaif v. United States*, the Supreme Court clarified the *mens rea* requirement for firearm-possession offense under 18 U.S.C. § 922(g), holding that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2195 (2019).

In a pair of consolidated cases, the Supreme Court addressed the standard of review for appeals brought under *Rehaif*. In *United States v. Gary*, Gary was arrested, charged, and pled guilty to two counts of being a felon in possession of a firearm and ammunition in violation of § 922(g). 954 F.3d 194, 199 (4th Cir. 2020), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021). Gary was not advised during his Rule 11 plea colloquy that, if he went to trial, the Government would have been required to prove that he knew he was a felon at the time of possession. *Id.* Gary appealed based on *Rehaif*, and the Fourth Circuit found that the failure to inform Gary of the knowledge element was plain error. *Id.* at 202. The court also held that these "*Rehaif* errors" are structural and require vacatur per se. *Id.* at 202–05.

In *Greer v. United States*, Greer was arrested, charged, and found guilty by a jury of being a felon in possession of a firearm. 798 Fed. App'x 483, 484–85 (11th Cir. 2020), *aff'd*, 141 S. Ct. 2090 (2021). During his trial, the district court did not instruct the jury that knowledge was an

4

essential element of the offense. *Id.* at 486. Greer moved for a new trial based on the jury instruction. The Eleventh Circuit, applying plain-error review, rejected his argument. *Id.*

The Supreme Court consolidated *Gary* and *Greer* in *Greer v. United States*, 141 S. Ct. 2090 (2021). The Court observed that in a felon-in-possession case "the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon." *Id.* at 2097. The Court added, *id.*: "The reason is simple: If a person is a felon, he ordinarily knows he is a felon." *Id.* The Court ruled that "a *Rehaif* error is not a basis for plain-error relief unless the defendant shows that, if the Court "had correctly advised him of the mens rea element of his offense, there is a reasonable probability that he would not have pled guilty." *Id. See, e.g., United States v. Branch*, No. CR DKC 18-212, 2022 WL 981007, at *2 (D. Md. Mar. 31, 2022) (denying § 2255 petition brought pursuant to *Rehaif* because the defendant could not demonstrate a reasonable probability that he would not have entered a guilty plea had he been informed of the Government's burden to prove knowledge of his prior felony conviction(s)).

Watts relies on the Supreme Court's holding in *Rehaif* that knowledge of one's status as a felon is a required element under § 922(g)(1). Given the Supreme Court's later clarifications in *Greer*, this Court must now consider whether Watts can demonstrate a reasonable probability that he would not have entered a guilty plea had he been informed of the mens rea requirement. The Court finds that he cannot.

At the outset, the Court presumes that Watts was aware of his status as felon. *See Greer*, 141 S.Ct. 2097 ("[i]f a person is a felon, he ordinarily knows he is a felon"). Watts has not provided evidence that would tend to show he was unaware of his felon status at the time he possessed his firearm. *See, e.g., United States v. Crawley*, No. CR JPJ 15-001, 2021 WL 2910724, at *3 (W.D.

Va. July 12, 2021) (finding no actual prejudice from a *Rehaif* error where defendant failed to provide evidence negating knowledge of his status as a felon); *Rios v. United States*, No. CR FL 17-139-1, 2022 WL 256486, at *2 (E.D.N.C. Jan. 26, 2022) (same). Given Watts's criminal history—which includes two felony convictions for possession with intent to distribute—he cannot demonstrate a reasonable probability that he would not have entered a guilty plea had he been informed about the Government's burden to prove the knowledge element. Accordingly, Watts's Motion to Vacate Judgment under § 2255 is **DENIED**.

## IV.   Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). The Court has considered the record and finds that Watts has not made the requisite showing.

V.     Conclusion

For the foregoing reasons, Watts's Motion to Vacate (ECF No. 120) is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE**.

Date: May 3, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE